UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
1077 MADISON STREET, LLC,

                Plaintiff,

           -against-

NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE,

                Defendant.
------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**
19 CV 954 (NGG) (CLP)

**POLLAK**, United States Magistrate Judge:

On February 17, 2019, plaintiff 1077 Madison Street LLC ("plaintiff") commenced this action against defendant New York State Department of Taxation and Finance ("NYSDTF"), seeking strict foreclosure on the commercial premises located at 556 Quincy Street, Brooklyn, New York, 11221, Block 1629, Lot 10, Kings County (the "Subject Premises"). When defendant failed to file an answer or otherwise appear in this action, a certificate of default was entered against it on May 17, 2019. On May 30, 2019, plaintiff filed the instant motion for default judgment. The motion was thereafter referred to the undersigned to conduct an inquest on damages and issue a Report and Recommendation.

## FACTUAL BACKGROUND

Plaintiff is a limited liability company organized under the laws of Delaware with offices in New Jersey. (Compl.[1] ¶ 1). Plaintiff is the owner and holder of a mortgage securing a note in the principal amount of $419,250.00, encumbering the commercial premises at 556 Quincy Street, Brooklyn, New York, 11221. (Compl. ¶ 5; Katz Decl.[2] ¶ 4). Plaintiff was assigned the

---

[1] Citations to "Compl." refer to plaintiff's Complaint, dated February 17, 2019.
[2] Citations to "Katz Decl." refer to the Declaration of Samuel Katz in Support of Motion for Default Judgment, dated May 30, 2019.

mortgage by an assignment dated April 26, 2013. (Compl. ¶ 10; see also Compl., Ex. 3).

On or about June 21, 2007, Jefferson Springer borrowed from the original lender, Castle Point Mortgage, the principal amount of $419,250.00 for the financing of the mortgaged property. (Katz Decl. ¶ 5). After Springer defaulted on payments, plaintiff commenced a mortgage foreclosure action in the Eastern District of New York on February 19, 2014 under civil docket number 1:14 CV 01063 (JBW) (SMG). (Id. ¶ 10). On December 15, 2015, a judgment of foreclosure and sale was entered. (Id. ¶ 11). On February 18, 2016, a foreclosure sale was held, and the mortgaged property was sold to the winning bidder. (Id. ¶ 12). Subsequently, the bidder was permitted to cancel its bid by order of the court because it could not acquire marketable title of the Subject Premises. (Id. ¶ 14). The sale was cancelled because plaintiff failed to name NYSDTF in the caption of the foreclosure action, despite the fact that NYSDTF had two judgment liens in the amounts of $21,110 and $2,205 on the Subject Premises. (Id.)

On February 17, 2019, plaintiff commenced this strict foreclosure action seeking to determine the rights, if any, of NYSDTF in the Subject Premises and to prevent NYSDTF from claiming any title or interest in the Subject Premises. (See generally Compl.). The amount owed to plaintiff in the foreclosure action as of December 15, 2015, as set forth in the judgment, was $840,491.71. (Compl. ¶ 20). In the current action, plaintiff has named NYSDTF as a defendant and listed it as such in the caption. Plaintiff claims that it erroneously left off NYSDTF in the caption of the earlier action, although plaintiff did mention NYSDTF in its complaint. (Id. ¶ 17). Additionally, plaintiff claims it could not produce proof of service on NYSDTF from this earlier foreclosure action. (Id. ¶ 16). Plaintiff asserts that NYSDTF's judgments of $21,110 and

2

$2,205 have not been foreclosed and are a "cloud on the title" to the Subject Premises. (Id. ¶ 19).

In the current action, defendant NYSDTF was served with the Summons and Complaint, and plaintiff filed proof of service on the docket. (Katz Decl. ¶ 20; see also Katz Decl., Ex. B). On May 17, 2019, the Clerk of the Court entered a certificate of default against defendant. Thereafter, plaintiff filed a motion for default judgment and strict foreclosure against defendant. (See generally Pl.'s Mot.[3]).

## DISCUSSION

1.  Legal Standard

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by recording a notation of the party's default on the docket maintained by the Clerk. See id.; Fed R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a default judgment. See Fed. R. Civ. P. 55(b).

Where the amount of damages owed requires a judicial finding, a default judgment may be entered once the court has conducted a hearing or made a determination as to damages. See Fed. R. Civ. P. 55(b). That said, while "the court must ensure that there is a basis for the

---

[3] Citations to "Pl.'s Mot." refer to plaintiff's Motion for Default Judgment, filed May 30, 2019.

3

damages specified in a default judgment, it may, but need not, make the determination through a hearing." Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988), aff'd, 873 F.2d 38 (2d Cir. 1989); see also Transportes Aereos de Angola v. Jet Traders Inv. Corp., 624 F. Supp. 264, 266 (D. Del. 1985).

The Second Circuit has cautioned that default judgment is an extreme remedy, and therefore should be entered only as a last resort. See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). Although the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that district courts must balance that interest with the responsibility to "[afford] litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96. Thus, in light of the "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and all doubts should be resolved in favor of the defaulting party. Id. Thus, a plaintiff is not entitled to a default judgment and any concomitant damages as a matter of right simply by virtue of a defendant's procedural default. See Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").

The Court has significant discretion to consider a number of factors in deciding whether to grant a default judgment, including: (1) whether the grounds for default are clearly established; (2) whether the claims were pleaded adequately in the complaint, thereby placing defendants on notice of the relief sought, see Fed. R. Civ. P. 54(c) (providing that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings"); Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96; cf. King v. STL Consulting, LLC, No. 05 CV 2719, 2006 WL 3335115, at *4-5 (E.D.N.Y. Oct. 3, 2006) (holding that Rule 54(c) is

not violated when a court awards damages that accrued during the pendency of a litigation, so long as the complaint provided notice that the plaintiff may seek such damages); and (3) the amount of money potentially involved—the more money involved, the less justification for entering default judgment. Hirsch v. Innovation Int'l, Inc., No. 91 CV 4130, 1992 WL 316143, at *2 (S.D.N.Y. Oct. 19, 1992). Additionally, "the Court may consider whether material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether plaintiff[s] ha[ve] been substantially prejudiced by the delay involved, and whether the default judgment may have a harsh effect on the defendant[s]." Pacific M. Int'l Corp. v. Raman Int'l Gems, Ltd., 888 F. Supp. 2d 385, 393 (S.D.N.Y. 2012) (internal citations omitted).

The plaintiff bears the burden of establishing its entitlement to recovery. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993). Upon entry of default, defendants are deemed to have admitted all well-pleaded factual allegations in the complaint pertaining to liability, but not legal conclusions or allegations relating to damages. Id.; Advanced Capital Commercial Grp., Inc. v. Suarez, No. 09 CV 5558, 2013 WL 5329254, at *3 (E.D.N.Y. Sept. 20, 2013). It remains the plaintiff's burden to demonstrate that the uncontroverted facts establish each defendant's liability on each cause of action asserted. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). In determining whether the plaintiff has met that burden, however, the Court draws all "reasonable inferences from the evidence offered" in plaintiff's favor. Id. (quoting Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)).

2. Default Determination

Based upon a review of the allegations in the Complaint, which are undisputed at this time, and for the reasons stated herein, the Court finds that plaintiff has not sufficiently

established liability to warrant entry of a default judgment for damages. Thus, although the allegations in the Complaint are undisputed at this time because defendant has failed to appear, the Court respectfully recommends that default judgment not enter at this time.

Pursuant to Local Civil Rule 7.1(a)(2), all motions shall include "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion. . . ." In this case, plaintiff has alleged in its Complaint that it is entitled to strict foreclosure merely because it contends that NYSDTF's judgments are a cloud on the title to the property. (Compl. ¶ 19). However, in submitting its papers in connection with the Motion for Default Judgment, plaintiff has failed to submit an adequate memorandum of law in compliance with Local Rule 7.1(a)(2); it has not provided any citations to the legal authority – case law or statute – supporting its specific claims regarding strict foreclosure. Thus, it is unclear on what legal grounds plaintiff seeks to foreclose in this action. In addition, plaintiff fails to explain the current status of the other parties to the prior foreclosure action given the cancellation of the earlier foreclosure sale.

Accordingly, the Court respectfully recommends that plaintiff's motion for a default judgment be denied with leave to refile with the appropriate memorandum of law, pursuant to Local Civil Rule 7.1(a)(2) (explaining that all motions shall include "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion. . .").

## CONCLUSION

In summary, the Court respectfully recommends that plaintiff's motion for default judgment be denied.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also

6

Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
November 8, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York