UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



------------------------------------------------------------------X

1077 MADISON STREET, LLC,

                    Plaintiff,

      -against-

NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE,

                    Defendant.

**ORDER**

**19-CV-954 (NGG) (CLP)**

------------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff 1077 Madison Street, LLC brings this diversity action against Defendant New York State Department of Taxation and Finance seeking strict foreclosure on the commercial property located at 556 Quincy Street, Brooklyn, New York, 11221, Block 1629, Lot 10, Kings County (the "Subject Premises"). (Compl. (Dkt. 1).) Upon Plaintiff's application and in light of Defendant's failure to appear in or otherwise defend this action, the Clerk of Court entered Defendant's default on May 17, 2019. (Entry of Default (Dkt. 11).) Currently pending before the court is Plaintiff's motion for default judgment. (Pl. Mot. for Default J. ("Mot.") (Dkt. 12); Mem. in Supp. of Mot. for Default J. ("Mem.") (Dkt. 12-1).) The undersigned referred Plaintiff's motion to Magistrate Judge Cheryl L. Pollak, who issued a report and recommendation ("R&R") that the court deny the motion with leave to refile an appropriate memorandum of law in compliance with Local Civil Rule 7.1(a)(2). (R&R (Dkt. 39) at 5-6.)

      This case arises out of a $419,250.00 loan (the "Loan") taken out by Jefferson A. Springer (the "Borrower") secured by a mortgage (the "Mortgage") on the Subject Premises. (Compl. ¶ 6.) Through a series of assignments, Plaintiff acquired both the Loan and the Mortgage. (Id. ¶ 10.) After the Borrower defaulted on the Loan, Plaintiff commenced an action

1

in this court to foreclose on the Mortgage. (Id. ¶ 11; see also Complaint, 1077 Madison Street v. Springer, 14-cv-1063 (JBW) (E.D.N.Y. Feb. 19, 2014) (the "Original Action") (Dkt. 1).) Although a judgment of foreclosure and sale was entered in that action and an auction held thereafter, the winning bidder was permitted to cancel its bid due to Plaintiff's failure to name Defendant, which had two judgment liens on the Subject Premises, in the caption of that action. (Compl. ¶¶ 12-18; Oct. 16, 2018 Order (Original Action, Dkt. 89).) Plaintiff thereafter brought this action to determine what, if any, rights Defendant may claim in the Subject Premises.

After reviewing Plaintiff's complaint and the papers submitted in support of the instant motion, Judge Pollak concluded that Plaintiff "has not sufficiently established liability to warrant entry of a default judgment for damages" (R&R at 5-6) because the memorandum of law Plaintiff submitted in support of the motion failed to comply with Local Civil Rule 7.1(a)(2)'s requirement that movants submit "[a] memorandum of law setting forth the cases and other authorities relied upon in support of the motion." (R&R at 6 (quoting Local Civ. R. 7.1(a)(2)).) Judge Pollak noted that Plaintiff "has alleged . . . that it is entitled to strict foreclosure merely because it contends that [Defendant's] judgments are a cloud on the title to the property," but its memorandum of law lacks "any citations to legal authority—case law or statute—supporting its specific claims regarding strict foreclosure." (R&R at 6.) Judge Pollak also determined that Plaintiff "fails to explain the current status of the other parties to the prior foreclosure action given the cancellation of the earlier foreclosure sale." (Id.)

No party has objected to Judge Pollak's R&R, and the time in which to do so has passed. See Fed. R. of Civ. P. 72(b)(2). (See also R&R at 5-6.) Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d

157, 159 (S.D.N.Y. 2000). Having found none, the court ADOPTS the R&R in full and

DENIES Plaintiff's motion for default judgment with leave to refile a compliant memorandum of

law.


SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
  January 16, 2020

NICHOLAS G. GARAUFIS
United States District Judge