UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
1077 MADISON STREET, LLC,

                Plaintiff,

        -against-

NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE,

                Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
19 CV 954 (NGG) (CLP)

**POLLAK**, United States Magistrate Judge:

On February 17, 2019, plaintiff 1077 Madison Street LLC ("plaintiff") commenced this action against defendant New York State Department of Taxation and Finance ("NYSDTF"), seeking strict foreclosure on the commercial premises located at 556 Quincy Street, Brooklyn, New York, 11221, Block 1629, Lot 10, Kings County (the "Subject Premises"). Currently pending before this Court is plaintiff's motion for a default judgment.

FACTUAL AND PROCEDURAL BACKGROUND

This case has a long and troubling history. As set forth in more detail in this Court's prior Report and Recommendation (ECF No. 14), on or about June 21, 2007, Jefferson Springer borrowed $419,250 from Castle Point Mortgage to finance the purchase of the Subject Premises, a two-story building with a ground-floor commercial space located at 556 Quincy Street, Brooklyn, New York 11221. (Rept.[1] at 2; Katz Decl.[2] ¶¶ 4, 5). Plaintiff 1077 Madison Street LLC is the current owner and holder of the mortgage, having acquired ownership of the mortgage through an assignment dated April 26, 2013. (Compl. ¶ 10; see also Compl., Ex. 5).

---

[1] Citations to "Rept." refer to this Court's prior Report and Recommendation, dated November 8, 2019, adopted by the district court on January 16, 2020 ("Order"), ECF No. 14.
[2] Citations to "Katz Decl." refer to the Declaration of Samuel Katz in Support of Motion for Default Judgment, dated November 16, 2021, ECF No. 19-1.

1

On February 19, 2014, after Springer defaulted, plaintiff brought a mortgage foreclosure action in this Court (the "initial action"). (Rept. at 2 (citing Dkt. No. 1:14 CV 01063 (JBW) (SMG)); Katz Decl. ¶ 4). Plaintiff named Springer, Consolidated Edison of New York, City of New York Environmental Control Board, City of New York Department of Finance Parking Violations Bureau, Transit Adjudication Bureau, and John and Jane Doe Nos. 1 to 10 (the "Original Defendants"). (Katz Decl. ¶ 4, Ex. A). A judgment of foreclosure and sale was entered on December 15, 2015, and a sale was held on February 18, 2016, at which time the Subject Premises were sold. (Id. ¶¶ 5-7, Exs. B, C; Rept. at 2). At the time of the December 15, 2015 sale, the amount owed on the mortgage was $840,491.71. (Rept. at 2).

On September 28, 2017, an amended judgment of foreclosure and sale was filed in this Court barring and foreclosing the rights of the Original Defendants in the Subject Premises. (Katz Decl. ¶¶ 8, 9, Ex. D). Unfortunately, because plaintiff failed to name NYSDTF as a defendant in the caption of the action,[3] the bidder could not obtain marketable title and the sale was ultimately cancelled. (Id. ¶ 10).

Plaintiff then commenced another foreclosure action on February 17, 2019 (the "2019 action"), seeking to determine the rights, if any, of defendant NYSDTF in the Subject Premises and to prevent NYSDTF from claiming any title or interest in the Subject Premises. (Id. ¶ 11; see generally Compl.[4]). In the 2019 action, plaintiff named the NYSDTF as a defendant in the body of the Complaint and listed it in the caption. Moreover, in the 2019 action, plaintiff filed proof of service on the docket, showing that defendant NYSDTF was properly served with the

---

[3] Although plaintiff mentioned the NYSDTF in the body of the original complaint, plaintiff erroneously left off NYSDTF in the caption. (Id. ¶ 17). Additionally, plaintiff could not produce proof of service on NYSDTF from this earlier foreclosure action. (Id. ¶ 16). For these reasons, plaintiff's earlier action for judgment against NYSDTF was denied.

[4] Citations to "Compl." refer to the Complaint filed in this action on February 17, 2019, bearing docket number 19 CV 00954 (NGG).

2

Summons and Complaint. (Katz Decl. ¶ 22, Ex. M).

On May 17, 2019, in response to defendant's failure to file an answer or otherwise appear in this action, the Court entered a certificate of default against it. (Id. ¶ 12, Ex. G). On May 30, 2019, plaintiff filed a motion for default judgment. (Id. ¶ 13, Ex. H). The motion was thereafter referred to the undersigned to conduct an inquest on damages and issue a Report and Recommendation.

On November 8, 2019, this Court issued a Report and Recommendation, recommending that plaintiff's motion for default judgment be denied because plaintiff had failed to comply with the requirements of Local Civil Rule 7.1(a)(2), in that there was no memorandum of law that adequately set forth the legal authority on which plaintiff sought to foreclose against the defendant NYSDTF, nor was there any information regarding the current status of the other parties to the prior foreclosure action after the earlier foreclosure sale was cancelled. (See generally Rept.). By Order dated January 16, 2020, the district court adopted this Court's recommendation denying the plaintiff's motion for foreclosure with leave to refile. (Order).

The current motion seeking a default judgment of foreclosure was filed on November 17, 2021. Plaintiff asserts that NYSDTF's judgments of $21,110 and $2,205 have not been foreclosed and are a "cloud on the title" to the Subject Premises. (Id. ¶ 18). Since plaintiff has now submitted a Memorandum of Law in Support of Motion for Default Judgment, dated November 16, 2021, along with a Notice of Motion and the Declaration of Samuel Katz, Esq., filed in accordance with Local Rule 7.1, the Court considers whether plaintiff has established the elements necessary for entry of a default judgment and strict foreclosure against the NYSDTF.

3

DISCUSSION

    A. Legal Standard

As explained in this Court's earlier Report and Recommendation, Rule 55 of the Federal Rules of Civil Procedure establishes the procedure for entry of a default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). Here, the Clerk of Court has entered the default pursuant to Rule 55(a) by recording a notation of default on the docket. See id.; Fed R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). Since the NYSDTF has failed to appear and has not moved to set aside the default pursuant to Rule 55(c), the court may enter a default judgment. See Fed. R. Civ. P. 55(b).

While default judgments are "generally disfavored," and there is a "preference for resolving disputes on the merits," Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96, the NYSDTF has been given ample opportunity to appear in the action and assert its interests in the Subject Premises. Thus, while plaintiff is not entitled to a default judgment and any concomitant damages as a matter of right simply by virtue of a procedural default, see Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice"), here, the Court may consider: (1) whether the grounds for default are clearly established; (2) whether the claims were pleaded adequately in the complaint, and defendant was therefore on notice of the relief sought, see Fed. R. Civ. P. 54(c) (providing that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings"); and (3) the amount of money potentially involved. See Hirsch v. Innovation Int'l, Inc., No. 91 CV 4130, 1992 WL

316143, at *2 (S.D.N.Y. Oct. 19, 1992). Additionally, "the Court may consider whether material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether plaintiff[s] ha[ve] been substantially prejudiced by the delay involved, and whether the default judgment may have a harsh effect on the defendant[s]." Pacific M. Int'l Corp. v. Raman Int'l Gems, Ltd., 888 F. Supp. 2d 385, 393 (S.D.N.Y. 2012) (internal citations omitted).

Although plaintiff bears the burden of establishing its entitlement to recovery, see Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993), upon entry of default, defendants are deemed to have admitted all well-pleaded factual allegations in the complaint pertaining to liability. Id.; Advanced Capital Commercial Grp., Inc. v. Suarez, No. 09 CV 5558, 2013 WL 5329254, at *3 (E.D.N.Y. Sept. 20, 2013).

B. Default Determination

Based upon a review of the allegations in the Complaint, which are undisputed at this time, and for the reasons stated herein, the Court finds that plaintiff has sufficiently established a basis for directing a default judgment for strict foreclosure as to the NYSDTF.

Under New York law, a mortgage is a "specific lien on the land." CIT Bank, N.A. v. Vasquez, No. 17 CV 4654, 2019 WL 4418883, at *5 (E.D.N.Y. Aug. 19, 2019), report and recommendation adopted, No. 17 CV 04654, 2019 WL 4415291 (E.D.N.Y. Sept. 16, 2019) (quoting Savings & Loan Ass'n of Kingston v. Berberich, 24 A.D.2d 187, 189, 264 N.Y.S.2d 989, 991 (3d Dep't 1965)). Not only is a properly recorded mortgage "superior to subsequently recorded mortgages," Gletzer v. Harris, 12 N.Y.3d 468, 909 N.E.2d 1224, 1226, 882 N.Y.S.2d 386 (2009), but it is also "'superior to the claims of subsequent judgment creditors.'" CIT Bank, N.A. v. Vasquez, 2019 WL 4418883, at *5 (internal quotations omitted).

5

In the instant case, plaintiff's properly recorded mortgage is superior to the two subordinate liens held by the NYSDTF, which were acquired after the mortgage was recorded on July 9, 2007. (See Katz Decl., Ex. L (evincing the effective date of the $21,110.58 lien as December 10, 2012, and the effective date of the $2,205.97 lien as December 16, 2013).

Pursuant to New York Real Property Actions and Proceedings Law ("RPAPL"), Section 1311(3), the plaintiff in a mortgage foreclosure action is required to join any person as a party where that person's lien or incumbrance is claimed to be subject to and subordinate to the plaintiff's lien. The rationale for joining junior lienholders is that "the underlying objective of foreclosure actions [is] to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchase at the judicial sale[.]" 6820 Ridge Realty LLC v. Goldman, 263 A.D.2d 22, 26, 701 N.Y.S.2d 69 (2d Dep't 1999) (quoting Polish Nat. All. of Brooklyn, U.S.A. v. White Eagle Hall Co., 98 A.D.2d 400, 404, 470 N.Y.S.2d 642 (2d Dep't 1983)).

When a necessary party has been omitted from the foreclosure action, as initially occurred in this case, "that party's rights [are] unaffected by the judgment and sale, and foreclosure sale may be considered void as to the omitted party[.]" Id. at 27 (internal citations omitted). Under those circumstances, Section 1352 of RPAPL authorizes the commencement of a strict foreclosure action against the party not joined in the original foreclosure action. See NYCTL 1996-1 Trust v. Guthartz, 293 A.D.2d 455, 456, 739 N.Y.S.2d 646 (2d Dep't 2002).

Section 1352 authorizes the court to issue a judgment that "fix[es]" a time period within which holders of subordinate liens must act to redeem or begin a foreclosure action. RPAPL § 1352. If the holder of the subordinate lien does not act within the time fixed by the court, "such person . . . shall be excluded from claiming any title or interest in such property and all title or

6

interest of such person. . . shall thereby be extinguished and terminated." Id. Once a judgment of strict foreclosure is entered, it "cures a defect in the judgment or sale under the first foreclosure." U.S. Bank Nat'l Ass'n as Tr. for Structured Adjustable Rate Mortg. Loan Tr., Mortg. Pass-Through Certificates, Series 2005-23 v. Haskins, No. 18 CV 8478, 2019 WL 6888654, at *4 (S.D.N.Y. Dec. 18, 2019) (quoting 6820 Ridge Realty LLC v. Goldman, 263 A.D.2d 22, 26, 701 N.Y.S.2d 69, 72 (2d Dep't 1999)). The right to strict foreclosure as against a junior lienor who was not included as a party to the initial foreclosure action is "absolute" and the senior lienor or his assigns may exercise the right to bring such an action at any time. Mortgage Comm'n Realty Corp. v. Columbia Heights Garage Corp., 169 Misc. 618, 620, 7 N.Y.S.2d 740 (Sup. Ct. 1938), aff'd, 258 A.D. 736, 15 N.Y.S.2d 616 (App. Div. 1939) (citing Moulton v. Cornish, 138 N.Y. 133, 141, 33 N.E. 842 (1893)). Such an action may be commenced without regard to the reason the junior lienor was not joined in the initial foreclosure action. See Mortgage Comm'n Realty Corp. v. Columbia Heights Garage Corp., 169 Misc. at 620, 7 N.Y.S.2d 740.

Plaintiff argues that because its mortgage is superior to the tax liens held by the NYSDTF and because the NYSDTF has defaulted and not raised any defense to the current action, plaintiff is entitled to a default judgment for strict foreclosure as to the claims of the NYSDTF. (Pl.'s Mem. at 7-8 (citing U.S. Bank Nat'l Ass'n as Tr. for Structured Adjustable Rate Mortg. Loan Tr., Mortg. Pass-Through Certificates, Series 2005-23 v. Haskins, 2019 WL 6888654, *4-8 (holding that the plaintiff was entitled to strict foreclosure where the mortgage was superior to the liens of the omitted lienholders who had been inadvertently omitted from the prior foreclosure action)).

Given that the Amended Judgment of Foreclosure filed in the initial action forever barred and foreclosed the rights, claims, liens, title, interest and equity in redemption of all of the

defendants except for the NYSDTF (Katz Decl., Ex. D), and given that plaintiff's properly filed mortgage is superior to the subordinate liens of the NYSDTF, the Court respectfully recommends that plaintiff's motion for default judgment of strict foreclosure be granted. The Court further recommends that, pursuant to RPAPL § 1352, the District Court provide defendant with a 60-day period from the adoption of this Report and Recommendation within which defendant must notify plaintiff of its intent to exercise its right of redemption. U.S. Bank Nat'l Ass'n as Tr. for Structured Adjustable Rate Mortg. Loan Tr., Mortg. Pass-Through Certificates, Series 2005-23 v. Haskins, 2019 WL 6888654, at *7 (fixing a period of 60 days during which defendant could redeem their interest under RPAPL § 1352).

## CONCLUSION

In summary, the Court respectfully recommends that plaintiff's motion for default judgment be granted, and that defendant be afforded a 60-day period within which to exercise its right of redemption.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
      June 14, 2022

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York